UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA ARIAS, an individual; RAFAEL ARIAS CHAVEZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE, N.A., a Delaware Corporation, T.D. SERVICE COMPANY; EQUIPRIME MORTGAGE GROUP, INC., a California Corporation; SANDRA ROJAS; and DOES 1-100, inclusive,<br><br>Defendants, _____/ | No. C 10-1123 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Defendant's Motion to Dismiss** |

Plaintiffs Ana Arias and Rafael Arias Chavez ("plaintiffs") brought this action against several defendants including their mortgage refinance lender, defendant Capital One ("defendant"), alleging fraud and deceit, intentional infliction of emotional distress, unfair competition, violation of the Truth in Lending Act ("TILA"), and violation of California's Foreign Language Contract Act ("FLCA"). Now before the court is Capital One's motion to dismiss the claims of the First Amended Complaint ("FAC") asserted against it as alleged in claims two through ten inclusive. Having considered the arguments of the parties and the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

Plaintiffs purchased a piece of real property located in Livermore, California, in April 2007, *see* Docket No. 18, FAC at ¶¶ 3, 13. Plaintiffs held a first and second mortgage loan on that

property with a total monthly payment of $4,914. FAC at ¶ 13. In April 2007, plaintiffs met defendant Sandra Rojas at their local church, who advised plaintiffs that her mortgage company would be able to offer plaintiffs a refinanced loan that would reduce their monthly mortgage payment to $2,223. FAC at ¶¶ 14-16. Rojas was an employee or agent of defendant Equiprime and/or defendant Franklin R. Ostrowski, *see* FAC at ¶ 35, and corresponded with plaintiffs regarding the loan on several occasions from April 2007 to July 2007, *see* FAC at ¶¶ 13-23. At all times plaintiffs and Rojas communicated in Spanish. FAC at ¶¶ 22, 24.

B.F. Saul Mortgage Company is the original lender for the plaintiffs' loan. A B.F. Saul representative, Teresa Mitchell, called defendant Rojas on June 7 or 8, 2007 during a meeting Rojas was holding with plaintiffs. FAC at ¶ 18. Plaintiff Ana Arias spoke to Mitchell at this time, and Mitchell told her that the loan must be completed by the end of June. After this conversation, plaintiffs told Rojas that they would like to move forward with the refinancing. FAC at ¶ 18. Plaintiffs signed the loan documents in Rojas' office on June 22, 2007. FAC at ¶ 21. Plaintiffs only read and write in Spanish, but the loan documents were written in English. Rojas did not explain the documents to plaintiffs. FAC at ¶¶ 21, 24. Plaintiffs received copies of the signed loan documents by delivery to their home three days later, and received the first mortgage statement on or about July 23, 2007. FAC at ¶ 22.

While plaintiffs do not clearly allege the succession of lender ownership from the time of the signing of the loan documents to the time they filed the FAC, it is undisputed that Capital One currently holds the loan on the property and is the successor in interest to the original lender. B.F. Saul Mortgage Company is the listed lender or lender's agent on the TILA Disclosure Statement and the Notice of Right to Cancel. *See* Docket No. 19 (Mot.), Exhs. A & B. B.F. Saul Wholesale Lending Division is listed on the Cashflow Monthly Adjustable Rate Mortgage Disclosure. Mot., Exh. C. However, when plaintiff Ana Arias received the first mortgage statement, she called Chevy Chase Bank, not B.F. Saul, to ask about the unexpected payment options listed on the statement. FAC at ¶ 22. Chevy Chase Bank was acquired by defendant Capital One in 2009. FAC at ¶ 8.

Plaintiffs' complaint does not state the reason for her contacting Chevy Chase bank instead of B.F. Saul, but alleges that

> "each of the Defendants were the agents, servants, employers, joint venture, partner division, owner, subsidiary, alias, assignee, employee, and/or alter-ego of each of the remaining Defendants, and were, at all times herein mentioned, acting within the scope of said agency, employment servitude, joint venture, division, ownership, subsidiary, alias, assignment, alter-ego, partnership or employment and with the authority, consent, approval, and ratification of each remaining Defendants."

FAC at ¶ 10. Plaintiffs otherwise allege that defendant Capital One is the successor in interest to B.F. Saul Mortgage Company, Equiprime Mortgage Group, and Chevy Chase Bank. FAC at ¶ 4. Defendant Capital One's Memorandum of Points and Authorities in support of the instant motion states that Capital One is the successor to the "original lender." Mot. (Memorandum of Points and Authorities) at 2. Capital One currently holds the loan on the property, and it commenced foreclosure proceedings prior to the filing of this suit. FAC at ¶ 28.

On or about March 1, 2010, plaintiffs filed an action in California Superior Court, County of Alameda alleging wrongful foreclosure (Count 1), breach of duty of good faith and fair dealing (Count 2), negligent servicing (Count 3), fraud (Count 4), intentional infliction of emotional distress (Count 5), TILA violations (Count 6), and violations of the California Translation Act (Count 7). *See* Docket No. 1 (Notice of Removal). Defendant Capital One removed to federal court on March 13, 2010 based on the claims arising under federal TILA violations. *Id.* at ¶ 3. On April 16, 2010, plaintiff Ana Arias moved for a temporary restraining order against Capital One to halt foreclosure on the property. *See* Docket No. 5 (Pl.'s Mot. for Temporary Restraining Order). This court denied the motion on April 26, 2010. *See* Docket No. 11 (Mot. for Temporary Restraining Order Hearing).

Plaintiffs then filed their FAC on September 8, 2010, alleging against defendant Capital One fraud and deceit (Counts 2, 3, 4), constructive fraud (Count 5), breach of duty to be honest and truthful (Count 6), intentional infliction of emotional distress (Count 7), unfair competition under California Business and Professions Code section 17200 (Count 8), violations of TILA (Count 9), and violation of the FLCA (Count 10). On September 9, 2010, defendants Equiprime and T.D. Service Co. were terminated as parties. On October 18, 2010, defendant Capital One filed the instant motion to dismiss and, in the alternative, to dismiss plaintiffs' second through tenth causes of

3

action (the first cause of action does not name Capital One as a defendant). *See* Docket No. 19 (Def.'s Mot. to Dismiss).

LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant. A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss should be granted if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, ___U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions and conclusory statements, however, are not themselves sufficient and are not entitled to a presumption of truth. *Iqbal*, 129 S. Ct. at 1949-50. "Determining whether a complaint states a plausible claim for relief. . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

In a Rule 12(b)(6) motion, a claimed defect must appear on the face of the complaint. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). The court cannot consider outside material or documents not properly submitted with the complaint in determining a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F. 2d 1542, 1555 (9th Cir. 1990). If the plaintiff fails to attach to the complaint documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not

4

support plaintiff's claim. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds in *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)).

Where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim lies. The complaint fails to state a claim because the action is time-barred. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The applicable statute of limitations begins to run when the plaintiff knows the facts constituting the cause of action. *Id.*

DISCUSSION

Plaintiffs' causes of action can be distilled into two theories of liability against Capital One: 1) that Equiprime and its operators and employees were acting as agents of Capital One's predecessor, giving rise to vicarious liability, and 2) that Capital One's predecessor lender violated TILA.

I.    Agency

Defendant Capital One argues that plaintiffs have not alleged any wrongdoing by Capital One or its lender predecessor. Capital One claims that the mortgage broker, Equiprime, is responsible for any alleged wrongdoing cited in plaintiffs' FAC, and that no agency relationship exists between Capital One and Equiprime. Capital One is correct as to this point.

A.    Breach of Fiduciary Duty

Count one of the FAC is for breach of fiduciary duty. Under California law, a loan broker owes the borrower a fiduciary duty because it is acting as the borrower's agent in the transaction. A lending institution acting within "the scope of its conventional role as a mere lender of money," however, does not owe the borrower a duty of care. *Nymark v. Heart Fed. Sav. & Loan Ass'n.*, 231 Cal. App. 3d 1089, 1096 (1991). Plaintiff does not allege facts establishing that Capital One or its predecessor ever acted as anything but a "mere lender of money." Thus, Capital One never owed a fiduciary or other duty of care to plaintiffs. In any event, the first cause of action is not alleged against defendant Capital One and is therefore dismissed.

5

B.     Fraud, Deceit, and Misrepresentation

Plaintiffs allege, however, that Capital One's liability to plaintiffs arises from its agency relationship with Equiprime and defendant Rojas. Plaintiffs' second through sixth causes of action are based on state common law claims for various forms of fraud, deceit, and misrepresentation. Plaintiffs allege that defendant Capital One is liable for these causes of action because Equiprime and its operators and employees committed the alleged fraud, deceit, and misrepresentation as agents of Capital One and its predecessor lender.

"The traditional agency test requires a plaintiff to demonstrate: (1) a manifestation by the principal that the agent shall act for him; (2) that the agent has accepted the undertaking; and (3) that there is an understanding between the parties that the principal is to be in control of the undertaking." *Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 622 F. Supp. 2d 890, 899 (N.D. Cal., 2009) (Hamilton, J.). California law similarly recognizes an agency relationship where a principal authorizes an agent to represent and bind the principal. CAL. CIV. CODE § 2295 (Deering, LEXIS through 2011 Supp.); *Champlaie v. BAC Home Loans Servicing, LP*, 706 F.Supp. 2d 1029, 1056 (E.D. Cal., 2009). In California, "[t]he law indulges no presumption that an agency exists but instead presumes that a person is acting for himself and not as the agent for another." *Walsh v. Am. Trust*, 7 Cal. App. 2d 654, 659 (1935). "The control that gives rise to agency is comprehensive, immediate, and day-to-day." *ING Bank v. Ahn*, 2010 U.S. Dist. LEXIS 134406 *13 (N.D. Cal.) (*citing Doe I v. Wal-mart Stores, Inc.*, 572 F. 3d 677, 682-83 (9th Cir. 2009)). Even where a plaintiff alleges that a lender offers a broker incentives to act in ways that further the lender's interests, an agency relationship may not exist. The plaintiff must further allege that the lender gave brokers authority to represent or bind the lender, or that the lender acted in such a way that would give a third party the impression that an agency relationship existed. *Champlaie*, 706 F.Supp. 2d at 1056-57. The agency inquiry is usually a question of fact for the jury; however, when only one inference can reasonably be drawn, the existence of an agency relationship becomes a question of law for the court. *Stilson v. Moulton-Niguel Water Dist.*, 21 Cal. App. 3d 928, 936 (1971).

6

Plaintiffs have not pled sufficient facts to support their theory of agency between Capital One and Equiprime. While plaintiffs state that each of the defendants were the agents or employees of each of the remaining defendants, and that they were acting in concert with each other, *see* FAC at ¶¶ 10, 11, plaintiffs fail to allege material facts to substantiate this legal conclusion. Plaintiffs do not allege that Capital One or its predecessor granted Equiprime authority to represent or bind the lender, or even that the lender acted in such a way as to give plaintiffs the impression that there existed an agency relationship between the lender and the broker. The FAC fails to expose any facts to support its conclusion that Capital One exercised "comprehensive, immediate, and day-to-day control" over Equiprime giving rise to vicarious liability for any of the claims alleged. Only one inference can be reasonably drawn from the FAC's lack of statements of material fact regarding the alleged agency relationship between Capital One and Equiprime: no agency liability exists as a matter of law. Thus, the second through sixth counts of the FAC must be dismissed.

C.      <u>Intentional Infliction of Emotional Distress</u>

Plaintiffs' seventh cause of action for intentional infliction of emotional distress must likewise be dismissed against defendant Capital One. Even if plaintiffs could establish a cause of action for intentional infliction of emotional distress against their broker, Equiprime, defendant Capital One shared no agency relationship with Equiprime as a matter of law and is not vicariously liable for Equiprime's allegedly outrageous conduct. Thus, Capital One is not liable unless it or its predecessor acted tortiously independent of the broker.

A prima facie case of intentional infliction of emotional distress requires extreme and outrageous conduct by the defendant, intended to cause extreme mental suffering. Failure to allege facts showing such conduct fails to state a cause of action. *Slaughter v. Legal Process & Courier Service*, 162 Cal. App. 3d 1236, 1248 (1984). Plaintiffs' FAC does not point to any specific conduct by Capital One or the predecessor lender designed to inflict extreme mental suffering on the plaintiffs. Further, even if Capital One's foreclosure proceedings on the plaintiffs' property causes emotional distress, the foreclosure is privileged. *See Fletcher v. Western National Life Ins. Co.*, 10 Cal. App. 3d 376, 395 (1970). "The attempted collection of a debt by its very nature often causes

7

the debtor to suffer emotional distress." *Ross v. Creel Printing & Publishing Co., Inc.*, 100 Cal. App. 4th 736, 745 (2002). A creditor has the right to protect its economic interest as long as it does not use outrageous and unreasonable means in seeking payment. *Symonds v. Mercury Savings & Loan Assn.*, 225 Cal. App. 3d 1458, 1469 (1990). Again, plaintiffs fail to allege outrageous, extreme, or unreasonable conduct by Capital One or its lender predecessor. FAC at ¶¶ 57-60; Opp. at 7-8. Thus, plaintiffs' seventh cause of action for intentional infliction of emotional distress must be dismissed.

D.  California's Foreign Language Contract Act

Plaintiffs' tenth cause of action against defendant is for violation of California's Foreign Language Contract Act. The FLCA requires

> "any person engaged in a trade or business who negotiates primarily in Spanish. . . in the course of entering into any of the following, shall deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of the contract or agreement in the language in which the contract or agreement was negotiated. . ."

CAL. CIV. CODE § 1632(b) (Deering, LEXIS through 2010 Supp.). Defendant Capital One argues that pursuant to section 1632(b), the translation requirements do not apply to loans secured by real property. Mot. at 8. Plaintiffs argue that their loan falls into an exception to section 1632(b), which does require *mortgage brokers* to provide contract translation for certain loans secured by real property. CAL. CIV. CODE § 1632(b)(4); CAL. BUS. & PROF. CODE § 10240 (Deering, LEXIS through 2011 Supp.). Opp. at 9. While plaintiffs are correct that the loan falls into the section 1632(b) exception, they have failed to properly allege that defendant Capital One was either a mortgage broker or, as discussed above, the principal of a mortgage broker when the contract was signed, giving rise to liability under the statute. *See Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159, 1167 (S.D. Cal. 2009); *Castaneda v. Saxon Mort. Servs.*, 687 F. Supp. 2d 1191, 1200 (E.D. Cal. 2009). Thus, Capital One is not liable for violation of the FLCA violations at the time of the loan origination. *See Delino v. Platinum Cmty. Bank*, 628 F. Supp. 2d 1226, 1234 (S.D. Cal. 2009). Count ten is dismissed.

8

II.     TILA-based Claims

A.      Violations of TILA

Count nine of the FAC alleges violations of mandatory loan information disclosure under TILA.[1] 15 U.S.C. §1601 *et seq*. Plaintiffs allege that defendants failed to comply with TILA's disclosure requirements by failing to explain the four loan payment options, failing to clearly and conspicuously disclose negative amortization, failing to adequately give notice of plaintiffs' right to rescind, and that the misleading and deceptive conduct of the defendants caused the plaintiffs to enter into the subject loan when they otherwise would not have done so. The FAC states that the defendants' failure to comply with the TILA requirements occurred at the time of the signing of the loan on June 22, 2007. Plaintiffs learned of the four payment options when they received their first loan statement on July 23, 2007, and were from then on aware that defendant Rojas had not disclosed some necessary information about their mortgage loan. Defendant Capital One argues that its predecessor lender complied with TILA requirements in its loan dealings with plaintiffs, that plaintiffs' TILA claims are time-barred, and that plaintiffs' UCL claim is also barred because it is predicated on alleged TILA violations. TILA claims on closed-end credit transactions have a one-year statute of limitations. 15 U.S.C. §1640(e).

In a closed-end transaction such as the instant loan, the TILA statute of limitations period begins to run at the time the loan was entered. *King v. California*, 784 F.2d 910, 914 (9th Cir. 1986). That period may be equitably tolled on a motion to dismiss on statute of limitations grounds if "the complaint, liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the *potential* applicability of the equitable tolling doctrine." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993) (emphasis in original). Dismissal is appropriate where "'it [is] clear that [plaintiffs] have had the information necessary to bring suit. . . for many years,' and plaintiffs did not argue that 'extraordinary circumstances beyond [their] control made it impossible to file the claims on time.'" *Champlaie*, 706 F. Supp. 2d at 1053 (*quoting Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006)).

9

It is clear that the one-year statute of limitations for plaintiffs' TILA claims for civil damages has run. Plaintiffs entered their loan on June 22, 2007 when they signed the loan documents in defendant Rojas' office, and did not commence an action against defendants for TILA violations until March 1, 2010, after they had received a notice of trustee's sale of the property. Plaintiffs have not alleged facts in the FAC showing the potential applicability of equitable tolling. While the court does not reach the question of whether plaintiffs' TILA claims are meritorious, plaintiffs were aware of the facts forming the basis for their alleged TILA claims when they signed the loan documents. Plaintiffs knew that they were not receiving the required disclosures at the time of the signing because the loan documents were written in English, *see* FAC at ¶ 21, which according to plaintiffs neither can read, *see* FAC at ¶ 24. Defendant Rojas did not explain the documents to plaintiffs when they signed the loan, and plaintiffs did not at that time receive copies of the documents, including the TILA disclosure statements that they had signed. FAC at ¶ 21. Plaintiffs further became aware of possible TILA violations when they received their first mortgage statement on July 23, 2007, which included information that they knew had not been disclosed to them during their meetings with defendant Rojas. FAC at ¶ 22. Even if defendants Rojas and Equiprime falsified the Uniform Residential Loan Application for plaintiffs' loan, *see* FAC at ¶ 25, plaintiffs became aware of the possibility of fraud, deceit, or misrepresentation when they received their first loan statement that included the true terms of the loan, *see* FAC at ¶¶ 22-23.

Plaintiffs have not argued that the equitable tolling doctrine should apply to their TILA claims and have alleged no extraordinary circumstances beyond their control that have made it impossible to file their TILA claims within the statutory period. Plaintiffs have not addressed the statute of limitations, and only state that "Plaintiffs' Cause of Action For Violation of Truth In Lending Laws has been Properly Pled." Opp. at 8. Plaintiffs' ninth cause of action for violation of TILA is barred by the statute of limitations and is thus dismissed.

B.  Unfair Competition

Plaintiffs have also asserted a cause of action under California Business and Professions Code section 17200, the Unfair Competition Law ("UCL") (Count 8). Plaintiffs' UCL claim fails

10

because it lacks a valid predicate violation of another statute (here, TILA), and because the UCL is preempted by federal law.

The UCL defines unfair competition as "any unlawful, unfair, or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." CAL. BUS. AND PROF. CODE § 17200 (Deering, LEXIS through 2011 Supp.). The UCL "'borrows' violations of other laws and treats them as unlawful practices" for purposes of the unfair competition law. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir., 2000) (quoting *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163 (1999)). "Where a plaintiff cannot state a claim under the 'borrowed' law, she cannot state a UCL claim either." *Zlotnik v. U.S. Bancorp*, No. 09-3855, 2009 U.S. Dist. LEXIS 119857, at *11 (N.D. Cal. Dec 22, 2009) (Hamilton, J.). As in *Zlotnik*, plaintiffs' UCL claim for unlawful business practices is predicated on the defendant's purported TILA violations. Since the TILA claims are time-barred, plaintiffs' UCL claim is likewise not viable. *Id.* at *11-12.

Further, the Ninth Circuit has disapproved of situations similar to this one in which a plaintiff asserts a UCL claim in order to get around TILA's statute of limitations. In *Silvas v. E*Trade Mortgage Company*, the court found that the Home Owners' Loan Act of 1933 ("HOLA") preempted the plaintiff's UCL claims since they fell squarely into the list of state laws explicitly preempted. 514 F. 3d 1001, 1003 (9th Cir. 2008). The court noted that since "the relevant regulation is clear, [the] [a]ppellants were too late to sue under TILA. Their end run will not do." *Id.* at 1004. Here, plaintiffs' UCL claims likewise fall squarely into areas of law already covered under HOLA and TILA:

> "[T]he types of state laws preempted. . . include, without limitation, state laws purporting to impose requirements regarding:
> 
> (4) The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;

11

>(5) Loan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees;. . .
>
>(9) Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants. . ."

12 C.F.R. § 560.2(b). Plaintiffs' UCL claim falls into the types of state laws contemplated in the regulation because the alleged misrepresentation, deceit, and fraud concerns credit terms, loan-related fees, and disclosure statements. *See Silvas*, 514 F.3d at 1006. Since the relevant regulation is clear, plaintiffs' UCL claims are preempted by federal law. Count eight must therefore be dismissed.

CONCLUSION

For the foregoing reasons, Capital One's motion to dismiss the FAC is granted. Since it does not appear that plaintiffs can cure the deficiencies in the FAC the claims against Capital One are DISMISSED with prejudice.

It also appears that none of the other named defendants have been served. If they have been, plaintiff shall notify the court of the date of their service within ten (10) days of the date of this order and move for entry of their default if they are in default. If they have not been served, the court will dismiss the claims against them, since the time has long since passed for service of them in accordance with Federal Rule of Civil Procedure 4.

IT IS SO ORDERED.

Dated: 3/4/2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

12

# **ENDNOTES**

1. TILA imposes special rules for consumer transactions, requiring creditors to disclose certain terms of a closed-end loan, including the finance charges, annual percentage rate, amount financed, and security interest. 12 C.F.R. § 226.18.